Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Dennis Harris

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dennis Harris, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT** |
| Monarch Recovery Holdings, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, Dennis Harris ("Plaintiff"), through his attorneys, Krohn & Moss, Ltd., alleges the following against Defendant, Monarch Recovery Holdings, Inc. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Arizona establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Flagstaff, Coconino County, Arizona.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a business entity with an office located at 10965 Decatur Rd., Philadelphia, Pennsylvania 19154.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Defendant is attempting to collect an alleged debt from Plaintiff.

11. The debt arises from transactions on a credit card that was for personal, family and household purposes.

12. In its collection attempts, Defendant placed telephone calls to Plaintiff on his cellular telephone, telephone number (928) 606-24xx.

13. In January 2013, Defendant placed a telephone call to Plaintiff and left him a voicemail message. See transcribed voicemail, attached hereto as Exhibit A.

14. The purpose of the aforementioned telephone call was in connection with Defendant's collection attempts.

15. In its voicemail message, Defendant states that the message is for Plaintiff and asks him to return the call to (215) 613-19xx, a telephone number that belongs to

Defendant. See Exhibit A.

16. However, Defendant never identified its business name in its message. See Exhibit A.

17. Defendant also failed to inform Plaintiff that it is a debt collector in its message. See Exhibit A.

18. Defendant does not provide Plaintiff with any additional information in its message to inform Plaintiff that the true nature and purpose of its call was about a debt. See Exhibit A.

19. Defendant uses deceptive and misleading practices in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its communication with Plaintiff.

    c. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    d. Defendant violated § 1692e(11) of the FDCPA by using failing to state that it is a debt collector in its messages to Plaintiff.

WHEREFORE, Plaintiff, Dennis Harris, respectfully requests judgment be entered against Defendant, Monarch Recovery Holdings, Inc., for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

23. Any other relief that this Honorable Court deems appropriate.

DATED: April 16, 2013                RESPECTFULLY SUBMITTED,

                                                KROHN & MOSS, LTD.

                                        By:  /s/ Ryan Lee

                                                Ryan Lee
                                                Attorney for Plaintiff