UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Dennis Harris,               )
                         )
         Plaintiff,     )    3: 13-cv-8090 JWS
                         )
      vs.              )    ORDER AND OPINION
                         )
Monarch Recovery Holdings,   )
                         )    (Motions at dockets 29 & 32)
         Defendant.    )
                         )

## I.  MOTION PRESENTED

At docket 29 plaintiff Dennis Harris ("Harris") moves for an award of costs and attorney's fees.  Defendant Monarch Recovery Holdings ("Monarch") responds at docket 32.  Monarch's supplemental documents are at docket 33.  Harris' reply is at docket 34.  Although Monarch's response at docket 32 includes a request for discovery and an evidentiary hearing, neither of the parties request oral argument on the pending motions, and it would not be of aid to the court.

## II.  BACKGROUND

Harris sued Monarch alleging that Monarch is a debt collector which violated the Fair Debt Collection Practices Act ("Act") in the course of its dealings with him.[1]  After Monarch appeared and answered, the case progressed on the docket in an

---

[1]Complaint, doc. 1.

unremarkable manner.  On December 30, 2013, Harris served his second offer of judgment on Monarch in which he offered to settle the case for $1,000, but reserved his right to seek costs and reasonable attorney's fees.  The offer was accepted by Monarch on January 7, 2014.[2]  Judgment in the amount of $1,000, together with costs and attorney's fees to be determined was entered on January 8, 2014.

### III.  DISCUSSION

**A.  Costs**

The only costs requested are the $350 filing fee and a $25 fee for service of process.[3]  The filing fee and the service fee are taxable costs[4] as distinguished from non-taxable costs which litigants sometimes seek in connection with a motion for attorney's,\ fees.  To recover taxable costs, a party must apply to the Clerk of Court within 14 days from the entry of the final judgment.[5]  Harris has not applied to tax costs, and the 14 days have run.  It follows that Harris is not entitled to recover the $375 in taxable costs requested in his motion.

**B.  Attorney's Fees**

Harris, of course, is the prevailing party and as a prevailing plaintiff he is entitled to recover reasonable attorney's fees pursuant to the Act,[6] and a reasonable award of

---

[2]Notice of the offer is at docket 26, the acceptance is at docket 27, and a copy of the offer is at docket 27-1.

[3]Doc. 29-2 at pp. 5-6.

[4]28 U.S.C. § 1920; LR Civ. 54.1 (e)(1).

[5]Fed. R. Civ. P. 54(d)(1); LR Civ. 54.1 (a).

[6]15 U.S.C. § 1692k (a)(3).

fees is mandatory.[7]  When determining the amount of reasonable attorney's fees, the district court must calculate the "lodestar," which is determined "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[8]

The parties are in substantial disagreement about both the multiplicand and the multiplier.  The court turns first to the multiplier, the reasonable hourly rate.  The attorneys' rates are to be "calculated according to the prevailing market rates in the relevant community."[7]  The relevant community is Phoenix, Arizona.

Harris' motion asks for an award of fees for the work by the lawyers and a paralegal at Krohn & Moss, the California law firm which represents him.  Harris contends that the award should be based on the following rates: for Ryan Lee, $387 per hour; for Douglas Baek, $290 per hour; and for the paralegal, $145 per hour. Harris' most experienced attorney, Mr. Lee, has been practicing law for nine years.[7]  To support the rates requested, Harris first argues that they are consistent with the rates set out in the "Laffey Matrix," which is a chart showing rates pertinent to practice in the District of Columbia.[8]  Reliance on that chart is misplaced, because the District of Columbia is not the relevant community.

---

[7]*Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

[8]*Id.*

[7]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).  *Blum* dealt with calculating fees for purposes of 42 U.S.C. § 1988, but the same principles apply to calculating fees for purposes of 15 U.S.C. § 1692(k)(a)(3).  *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993).

[7]Doc. 29-3 at ¶ 2.

[8]Doc. 29-5.

Harris also argues that the rates he seeks are supported by a report titled "United States Consumer Law Attorney Fee Survey Report 2010-2011 prepared by R.L. Burdge ("Survey")[9] which is a compilation and presentation of hourly rates obtained though an on-line survey of lawyers practicing consumer law from various locations. Even assuming the Survey is reliable, it is of no utility here. It paints with too broad a brush. It gives data on hourly rates for an eight-state area described as the West Region in which the Survey places Arizona.[10] There is no way to parse the Survey to obtain information which is a reliable reflection of rates in Phoenix, Arizona.

Harris' lawyers work in California, although one of them, Lee, is also admitted in Arizona. That means their own rates reflect a different market for legal services. The only evidence before the court which actually shows rates charged by lawyers who handle litigation under the Act in Phoenix are the rates charged by Monarch's counsel. Monarch's most senior lawyer, Sean P. Healy, has 16 years of experience, and his hourly rate in the case at bar is $205 per hour.[11] A more junior lawyer, Shawn Petri, also worked on this case. He has practiced law for 10 years, and his hourly rate in this case is $165 per hour. Paralegal assistants to Messrs. Healy and Petri were billed at $80 per hour.

While Mr. Healy has more experience than Mr. Lee, the court finds that it is reasonable to use Mr. Healy's rate for Mr. Lee. Each man is the senior lawyer in

---

[9]Doc. 29-4.

[10]*Id.* at p. 18 of 67.

[11]Doc. 32-2 at ¶¶ 2 and 6.

charge of the litigation for his client.  Similarly, although it appears that Mr. Petri has more experience than Mr. Baek, the court also finds it reasonable to ascribe Mr. Petri's rate to Mr. Baek, for each of them was the junior lawyer on the engagement.  With respect to the paralegal, the court will use the $80 per hour rate charged by those who worked on the case for Monarch, because it is the only evidence before the court with respect to the appropriate hourly rate for paralegal services in Phoenix.

Monarch also contends that the number of hours charged by Harris' lawyers are excessive.  Monarch provides evidence to show that the complaint and discovery requests in this case are similar to those used by Krohn & Moss lawyers in other cases. The court will not make any reduction on that basis, because each case is different and even if a lawyer is working from a document used in an earlier case, it is necessary to be sure that the finished product is suitable for the case at hand.

Monarch also complains about specific time entries by Harris' lawyers and the paralegal which it contends are clerical tasks, and in some cases reflect duplication of effort.  The entries are set out in Monarch's response at pages 10 and 11.[12]  The first entry challenged by Monarch, the entry for Mr. Baek on February 1, 2013, is not in the court's view work that could have been done by clerical staff.  The court finds no fault with the other February entries for Mr. Baek or Mr. Lee which Monarch contends are duplicative.  It is not inappropriate for the more senior attorney to review the work of the more junior.

---

[12]Doc. 32.

The court agrees with Monarch that some of the entries for paralegal Ricardo Teamor include time which should be excluded.  Mr. Teamor's time for April 9 will be reduced by 0.4 hours to reflect the court's view that requesting a check, preparing postage and stamps, and putting a document in the mail is not activity for which a paralegal is required.  A secretary or file clerk could perform those tasks.  The April 18 entry for Mr. Teamor describes work done by the process server, not Mr. Teamor, so his time will be reduced by a further 0.3 hours.  The entries for April 26 and August 19 by Mr. Teamor also describe clerical work, so his time must be reduced by an additional 0.4 hours.

Monarch also argues that the entries for Mr. Lee on October 29 and December 17 show merely clerical work.  Preparing a notice of Supplemental Disclosures is not clerical, because it involves deciding what to disclose.  Similarly, while creating the paperwork to alter a deposition date may be clerical, the thought and analysis of competing considerations that may be required to select the date is not.

 The court finds no other adjustments are appropriate.  Thus, the court will allow the 12.6 hours claimed for Mr. Lee, and the 4.5 hours claimed for Mr. Baek, but will reduce Mr. Teamor's time from 2.3 hours to 1.2 hours.  Applying the hourly rates determined by the court, the award for Mr. Lee's time will be $2,583; the award for Mr. Baek's time will be $742.50; and the award for Mr. Teamor's time will be $96.00.  The total award comes to $3,421.50.

The last matter to consider is Monarch's request to conduct discovery and for an evidentiary hearing.  Suffice it to say that the court considers this an invitation to play a game that could not possibly be worth the candle.  The request will be denied.

-6-

## IV.  CONCLUSION

For the reasons above, the motion at docket 29 is **GRANTED in part and DENIED in part** such that Harris shall have judgment against Monarch for $3,421.50, and the motion for discovery and an evidentiary hearing at docket 32 is **DENIED**.

DATED this 17th day of March 2014.


_____
/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE